**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID PICRAY, | No. 12-35557 |
| Plaintiff - Appellant, | D.C. No. 6:11-cv-06147-AA |
| v. | |
| JOE HEEB, | MEMORANDUM* |
| Defendant, | |
| And | |
| JACK ROGERS; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted November 4, 2013
Portland, Oregon

Before: ALARCÓN, M. SMITH, and HURWITZ, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff-Appellant David Picray appeals from the district court's order granting Defendants-Appellees' Motions for Summary Judgment. On appeal, Picray challenges the district court's conclusions that: (1) Officers Vu and Graves did not detain Picray for an unreasonable amount of time in violation of the Fourth Amendment; and (2) Jack Rogers did not violate Picray's First Amendment rights by upholding an order excluding Picray from the Oregon State University campus. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

The parties do not dispute that Officers Vu and Graves conducted a lawful *Terry* stop. *See Terry v. Ohio*, 392 U.S. 1 (1968). Rather, Picray argues that the stop's forty-minute duration converted his detention into an unlawful arrest.

While *Terry* stops must "last no longer than is necessary to effectuate the purpose of the stop," there are no "rigid time limitation[s]" on such stops. *United States v. Sharpe*, 470 U.S. 675, 684–85 (1985) (citations omitted). A suspect's conduct often dictates what is reasonable under *Terry*, and courts "refuse[ ] to charge police with delays in investigatory detention attributable to the suspect's evasive actions." *United States v. Montoya de Hernandez*, 473 U.S. 531, 543 (1985) (citing *Sharpe*, 470 U.S. at 687– 88).

2

Picray recorded his forty-minute interaction with the officers. A certified transcript of this recording clearly demonstrates that the officers detained Picray only for the amount of time necessary to effectuate their investigation and that Picray's combative conduct and failure to cooperate caused the investigation to last forty minutes.

With regard to the First Amendment claim, the district court did not err in concluding that Picray identified no record evidence showing that a desire to chill speech was the but-for cause of Rogers' decision to uphold the exclusion order. *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900–01 (9th Cir. 2008) (quoting *Skoog v. County of Clackamas*, 469 F.3d 1221, 1231–32 (9th Cir. 2006)). Absent such evidence, Picray's First Amendment claim fails.

For the foregoing reasons, the district court properly granted Defendants-Appellees' motions for summary judgment.

**AFFIRMED.**